| | |
|---|---|
| IRELL & MANELLA LLP<br>Jonathan S. Kagan (166039)<br>Andrew E. Krause (294850)<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067-4276<br>Telephone:    (310) 277-1010<br>Facsimile:    (310) 203-7199<br>*Attorneys for Defendant Juniper Networks, Inc.* | DUANE MORRIS LLP<br>Matthew S. Yungwirth (*pro hac vice*)<br>L. Norwood Jameson (*pro hac vice*)<br>1075 Peachtree Street, Suite 2000<br>Atlanta, Georgia 30309<br>Telephone: (404) 253-6900<br>Facsimile: (404) 253-6901<br>E-Mail: wjameson@duanemorris.com<br>E-Mail: msyungwirth@duanemorris.com |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>John M. Neukom (SBN 275887)<br>525 University Avenue<br>Palo Alto, California 94301<br>Telephone: (650) 470-4560<br>Facsimile: (650) 798-6525<br>john.neukom@skadden.com<br>*Attorneys for Defendant Fortinet, Inc.* | Nicole E. Grigg (CA SBN 307733)<br>negrigg@duanemorris.com<br>2475 Hanover Street<br>Palo Alto, CA 94304-1194<br>Telephone: 650.847.4150<br>Facsimile: 650.847.4151<br><br>*Attorneys for Defendants Ruckus Wireless, Inc. and NETGEAR, Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Chrimar Systems, Inc., d/b/a CMS Technologies and Chrimar Holding Company, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Juniper Networks, Inc.,<br><br>Defendant. | Case No. 16-cv-00558-SI<br><br>**Defendants' Motion for Summary Judgment of Invalidity for Asserted Claims of U.S. Patent No. 8,902,760**<br><br>Date:    July 16, 2020<br>Time:    10:00 a.m.<br>Ctrm:    1 -- 17th Floor<br>Judge:   Hon. Susan Illston |
| Chrimar Systems, Inc., d/b/a CMS Technologies and Chrimar Holding Company, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Ruckus Wireless, Inc.,<br><br>Defendant. | Case No.: 3:16-cv-00186-SI |

| | |
|---|---|
| Chrimar Systems, Inc., d/b/a CMS Technologies and Chrimar Holding Company, LLC, <br><br>      Plaintiffs, <br><br>vs. <br><br>NETGEAR, Inc., <br><br>      Defendant. | Case No.: 3:16-cv-00624-SI |
| Chrimar Systems, Inc., d/b/a CMS Technologies and Chrimar Holding Company, LLC, <br><br>      Plaintiffs, <br><br>vs. <br><br>Fortinet, Inc., <br><br>      Defendant. | Case No. 16-cv-00897-SI |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT**, at 10:00 a.m. on July 16, 2020, in Courtroom 1, 17th floor of 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Judge Susan Illston, Defendants Juniper Networks, Inc. ("Juniper"), Ruckus Wireless, Inc. ("Ruckus"), NETGEAR, Inc. ("NETGEAR") and Fortinet, Inc. ("Fortinet") (collectively, "Defendants") will appear and move for summary judgment of invalidity of claim 145 of U.S. Patent No. 8,902,760, which is the only claim of the '760 Patent asserted by Plaintiffs Chrimar Systems, Inc., d/b/a CMS Technologies and Chrimar Holding Company, LLC (collectively, "Chrimar"). This Motion is based on the pleadings, this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Matthew Yungwirth, and any other filing, evidence, or argument presented in this matter.[1]

---

[1] The dockets citations refer to the docket in Case No.: 3:16-cv-00186-SI. Furthermore, the Declaration of Matthew Yungwirth is attached hereto as Exhibit A and will be referred to as the "Yungwirth Decl."

**Defendants' Motion for Summary Judgment**
**(Case Nos. 16-cv-00186-SI, 00558-SI; 00624-SI; and -00897-SI)**

**Memorandum of Points and Authorities**

I.    **Introduction**

Defendants Juniper, Ruckus, NETGEAR, and Fortinet collectively move for summary judgment of invalidity of amended claim 145 of U.S. Patent 8,902,760. <u>Original</u> claim 145 was the subject of an *inter partes* review ("IPR") in which the Patent Trial and Appeal Board ("PTAB") determined that claim 145 was obvious and invalid in view of the combination of two prior art references: Hunter[2] and Bulan.[3] The PTAB's determination was affirmed by the Federal Circuit, and the Supreme Court denied *certiorari*.

At the same time this IPR was pending, the '760 Patent was being separately challenged in an *ex parte* reexamination in which asserted claim 145 was amended through the addition of a single limitation to original claim 73, on which claim 145 depends. Amended claims 73 and 145 are set forth below with the amendments highlighted:

> 73. (Amended) A BaseT Ethernet system comprising:
>
> Ethernet cabling having at least first and second individual pairs of conductors used to carry BaseT Ethernet communication signals, the at least first and second individual pairs of conductors physically connect between a piece of BaseT Ethernet terminal equipment and a piece of central network equipment, ***the piece of central network equipment is a BaseT Ethernet hub***; the piece of central network equipment having at least one DC supply, the piece of BaseT Ethernet terminal equipment having at least one path to draw different magnitudes of current flow via the at least one DC supply through a loop formed over at least one of the conductors of the first pair of conductors and at least one of the conductors of the second pair of conductors, the piece of central network equipment to detect at least two different magnitudes of current flow through the loop.
>
> 145. (Amended) The BaseT Ethernet system according to any one of claims 73, 82-

---

[2] Hunter et al., PCT Publication No. WO 96/23377 (published Aug. 1, 1996) ("Hunter").
[3] Bulan et al., U.S. Patent No. 5,089,927 (issued Feb. 18, 1992) ("Bulan").

91, 94-**100, 104-**107, 108-121, 127-132, 134-139, or 140-144 wherein the piece of BaseT Ethernet terminal equipment is a powered-off piece of BaseT Ethernet equipment.

With the amendment to claim 73, amended claims 73 and 145 issued out of the reexamination.

Because <u>amended</u> claim 145 did not exist at the time the PTAB initiated its IPR, and thus could not be included in the Petition, the PTAB determined that it could not invalidate this amended claim. The PTAB did find, however, that the limitation added during the reexamination is also disclosed in Hunter; the PTAB's Final Written Decision ("FWD") expressly found that Hunter includes "***a piece of central 10Base-T Ethernet equipment, such as a hub***." Thus, although the PTAB was only permitted to invalidate the original version of Claim 145 that existed when it instituted the IPR, it made the additional factual finding necessary to invalidate amended Claim 145.

The narrow issue presented in this Motion is whether the combination of Hunter and Bulan discloses the sole limitation Chrimar added to claim 145: "the piece of central network equipment is a BaseT Ethernet hub." Because Chrimar has exhausted its appeals to the PTAB's FWD, issue preclusion bars Chrimar from attempting to re-litigate: (1) that the combination of Hunter and Bulan discloses all elements from the original version of Claim 145; and (2) that Hunter discloses the only new limitation from amended Claim 145, "a piece of central 10Base-T Ethernet equipment, such as a hub." Therefore, PTAB's findings are sufficient to invalidate <u>amended</u> Claim 145 and those findings are binding on Chrimar.

Moreover, even if issue preclusion did not bar Chrimar from re-litigating the PTAB's finding that Hunter discloses "a piece of central 10Base-T Ethernet equipment, such as a hub," summary judgment of invalidity still is appropriate. The Hunter reference is a document written in English and available for review by this Court; there can be no dispute over whether it discloses "a piece of central 10Base-T Ethernet equipment, such as a hub," as found by the PTAB. Thus, because original Claim 145 is invalidated by the combination of Hunter and Bulan, and the only additional limitation of amended Claim 145 is indisputably present in Hunter, amended Claim 145 is necessarily invalid as a matter of law. Defendants therefore urge this Court to grant summary judgment that amended claim 145 is invalid is obvious in view of Hunter and Bulan.

## II.   Background

On July 1, 2015, Chrimar filed suit against Defendants alleging infringement of U.S. Patent Nos. 8,155,012, 8,942,107, 8,902,760, and 9,019,838 (collectively, the "Patents-in-Suit") by, *inter alia,* making, using, selling, and/or importing Power over Ethernet ("PoE") powered devices ("PDs") and PoE power sourcing equipment ("PSEs") that comply with and/or are compatible with Power over Ethernet standards (namely, IEEE 802.3af and or 802.3at standards). Complaint, Dkt. #1. The '760 Patent, which is the subject of this motion, issued on December 2, 2014 and claims priority through provisional application no. 60/081,279 dated April 10, 1998.[4]   *See* Dkt. #1-4, Compl. at Ex. C ('760 Patent). The '760 Patent claims, among other things, a BaseT Ethernet system comprised of two components -- *i.e.*, a "piece of central networking equipment" called a "BaseT Hub" and a "piece of BaseT Ethernet terminal equipment" -- that are connected by "Ethernet cabling." *Id*. at Claim 73. According to the claimed embodiment at issue, the "piece of BaseT Ethernet terminal equipment" also is "powered off." *Id*. at Claim 145. According to Chrimar's allegations, the Defendants' accused PSEs (such as Ethernet switches) are the claimed central networking equipment, and the accused PDs (such as Wi-Fi access points, networked video cameras, etc.) are the claimed BaseT Ethernet terminal equipment. *See* Yungwirth Decl., Ex. 1 (Chrimar's Infringement Contentions).

### A.   IPR 2016-01399

Juniper, Ruckus and NETGEAR challenged in a series of IPRs all of Chrimar's originally asserted claims, including original claims 73 and 145 of the '760 Patent. In September 2016, the Court stayed the case pending resolution of the IPRs. Dkt. #96, at 2. After extensive briefing, expert depositions and oral argument, the PTAB entered its Final Written Decision ("FWD") finding that a person of ordinary skill in the art would be motivated to combine the Hunter and Bulan references; and finding that all challenged claims of the '760 Patent are unpatentable/invalid based on the combination of the Hunter and Bulan. *See*, '760 Patent FWD (attached as Yungwirth Decl., Ex. 2)

---

[4] Defendants do not concede that the '760 Patent is entitled to an April 10, 1998 priority date. However, for the purpose of this Motion this priority date issue is not material because Hunter and Bulan are prior art even under an April 10, 1998 priority date.

at 43-44.  Chrimar appealed the FWD and, on September 19, 2019, the Court of Appeals for the Federal Circuit (the "Federal Circuit") affirmed the decisions of the PTAB. *See* Yungwirth Decl., Ex. 3.  Dissatisfied, Chrimar next sought Supreme Court review of the Federal Circuit decision and, on February 24, the Supreme Court denied Chrimar's Petition for review (Yungwirth Decl, Ex. 4 at 6), thereby putting an end to Chrimar's effort to revive original claims 73 and 145, among others.

      **B.**     **Ex Parte Reexamination Control No. 90/013,802**

On August 29, 2016 an unknown party initiated a reexamination proceeding (No. 90/013,802) concerning the '760 Patent ("'760 Reexam"). *See* Yungwirth Decl., Ex. 5 (excerpts of '760 Reexam record).  The '760 Reexam proceeded concurrently with IPR 2016-01399 and, initially, all claims of the '760 Patent were rejected as unpatentable. *Id*. at PDF p. 167.  During the course of this *ex parte* proceeding that involved only Chrimar and the Patent Office, Chrimar amended claim 73 to include the limitations of claim 101, *i.e.*, "The BaseT Ethernet system of claim 73 wherein the piece of central network equipment is a BaseT Ethernet hub." *Id*. at PDF p. 27, 52.  Chrimar's amendments to claim 73 and 145 are underlined below:

> 73. (Amended) A BaseT Ethernet system comprising:
>
> Ethernet cabling having at least first and second individual pairs of conductors used to carry BaseT Ethernet communication signals, the at least first and second individual pairs of conductors physically connect between a piece of BaseT Ethernet terminal equipment and a piece of central network equipment, <u>the piece of central network equipment is a BaseT Ethernet hub</u>; the piece of central network equipment having at least one DC supply, the piece of BaseT Ethernet terminal equipment having at least one path to draw different magnitudes of current flow via the at least one DC supply through a loop formed over at least one of the conductors of the first pair of conductors and at least one of the conductors of the second pair of conductors, the piece of central network equipment to detect at least two different magnitudes of current flow through the loop.
>
> 145. (Amended) The BaseT Ethernet system according to any one of claims 73, 82-

91, 94-<u>100, 104-</u>107, 108-121, 127-132, 134-139, or 140-144 wherein the piece of BaseT Ethernet terminal equipment is a powered-off piece of BaseT Ethernet equipment.

*Id*. at PDF pp. 27, 38 (emphasis in original).

Amended claim 73 and certain of its dependent claims, including claim 145, were allowed in their amended form.[5]  *Id*. at PDF p. 1-2. This was confirmed in a Reexamination Certificate that was issued on September 18, 2017.  *See* Yungwirth Decl., Ex. 6.  Notably, the reexamination record reflects that the Examiner did *not* focus on Hunter or Bulan during the '760 Reexam.  *See, e.g.*, Yungwirth Decl., Ex. 5, at PDF pp. 3, 5-8, 52-58, 63-65, 168-180, 214-215 (identifying prior art that is subject of reexam).[6]

Because amended claims 73 and 145 did not exist when the '760 IPR was instituted on January 14, 2017, the PTAB in IPR 2016-01399 determined that it could not review the amended claims that came out of the '760 Reexam. *See* Yungwirth Decl., Ex. 2 (FWD) at 3-4, 60.

### C. Issue Presented

With respect to the '760 Patent, Chrimar alleges infringement of only amended Claim 145 (across 73 and 97).  *See, e.g*., Dkt. #129 (TAC) at ¶ 21; Yungwirth Decl., Ex. 1 (Plaintiffs' Corrected First Amended Infringement Contentions) at 1.  Defendants seek a summary determination that amended claim 145 is invalid for the same reason that all previously asserted claims of the '760 Patent have been found invalid, *i.e*., claim 145 is obvious in view of Hunter in combination with Bulan.

## III. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Once the moving party has demonstrated an absence of material fact, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'"

---

[5] Certain other claims were allowed and others were cancelled, but they are not addressed because they are not at issue here.

[6] While Chrimar identified the Bulan reference and the co-pending IPR, there is no indication that the Examiner actually reviewed and considered the combination of Hunter and Bulan during the '760 Reexam.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "There is a 'genuine' issue of material fact only when there is sufficient evidence such that a reasonable juror could find for the party opposing the motion." *Advanced Semiconductor Materials Am., Inc. v. Applied Materials, Inc.*, 922 F. Supp. 1439, 1442 (N.D. Cal. 1996).

## IV.     Argument

### A.     Original Claim 145 Has Been Found Invalid

A claim is not patentable "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C. § 103. In IPR 2016-01399, the PTAB found that original claim 145 is unpatentable because the original limitations were disclosed in and obvious in view of the combination of Hunter and Bulan.[7] The PTAB's well-reasoned findings and conclusions span 44 pages of the FWD and were affirmed by the Federal Circuit. Yungwirth Decl, Ex. 2 (at 1-44), Ex. 3. These findings and conclusions, in relevant part, are summarized in the chart attached as Exhibit B to this Memorandum and Points of Authority. Following the Final Judgement and Mandate issued by the Federal Circuit, the Patent Office, under 35 U.S.C. 318(b), issued an Inter Partes Review Certificate for U.S. Patent 8,902,760 Kl, according to which "Claims 1, 31, 37, 59, 69, 72, **73**, 106, 112, 134, 142 and **145** are cancelled." Yungwirth Decl., Ex. 7 (emphasis added).

In view of this record and the exhaustion of all appeals, Chrimar is collaterally estopped from challenging the PTAB's findings and conclusions, including the findings and conclusions applicable to all claim limitations of original claims 1, 73 and 145, among others. *Soverain Software, LLC v. Victoria Secret Direct Brand Mgmt, LLC*, 778 F.3d 1311, 1315-16 (Fed. Cir. 2015). Similar to the Federal Circuit, the 9th Circuit applies issue preclusion when "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior

---

[7] In making this determination, the PTAB adopted Chrimar's proposed level of ordinary skill in the art: "a B.S. degree (or equivalent) in electrical engineering or computer science and three years of experience in the design of network communications products, and would have been familiar with data communications protocols, data communications standards (and standards under development at the time, including the 802.3 standard), and the behavior of data communications products available on the market." Yungwirth Decl., Ex. 2, FWD at 7-8. Defendants contend that the same level of skill in the art is applicable here.

proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017) (internal quotation marks omitted); *see also Soverain*, 778 F.3d at 1315-16. This case, like the '760 Patent IPR, involves the identical issue of whether the original claim limitations of claims 73 and 145 are disclosed in Hunter and Bulan and whether a person of skill in the art would have been motivated to combine the teachings of those references. That issue was actually litigated and decided in the IPR and necessary to decide the merits of Defendants' argument that claims 73 and 145 are invalid. *See* FWD at 1-44. Likewise, Chrimar clearly had "a full and fair opportunity to litigate" whether Hunter and Bulan disclose the original limitations of claim 145 in a way that invalidated original claims 73 and 145 of the '760 Patent. In fact, Chrimar tried to litigate those issues all the way to the U.S. Supreme Court, where its appeals hit a dead-end. Accordingly, issue preclusion applies here, and Chrimar is estopped from re-litigating the issue of whether the original limitations of claim 145 are obvious in view of Hunter and Bulan.

### B. The Additional Limitation of Claim 145

The only remaining issue for this Court is to determine that the single addition to amended claim 145 -- "the piece of central network equipment is a BaseT Ethernet hub"[8] -- is also disclosed by the combination of Hunter and Bulan. Yungwirth Decl., Ex. 5, at PDF p. 27, 52. There is nothing novel about the "central network equipment" being limited to a "BaseT Ethernet hub," as reflected in the '760 Patent, the patent applications it incorporates and the disclosure of Hunter, among other prior art.

As a starting point, the PTAB already determined that Hunter meets this limitation. In invalidating claim 1, the PTAB explicitly found that Hunter discloses "a 10Base-T Ethernet system with ***a piece of central 10Base-T Ethernet equipment, such as a hub,*** and a piece of 10Base-T Ethernet terminal equipment . . . ." FWD at 17; *see also*, Hunter (Yungwirth Decl., Ex. 8) at 23:18–20, 32:7–9, 34:18–19, 37:19–28, 39:14–15, Figs. 1, 2. In other words, the PTAB already has found

---

[8] "BaseT Ethernet" stands for ***base***band ***t***wisted pair Ethernet. It refers to a series of standards that use unshielded twisted-pair cabling for connecting networking devices, such as hubs and terminals, using an Ethernet protocol. There is no dispute that "BaseT" includes "10BASE-T."

that the new limitation of claim 145, which was added through claim 73, is met by the combination of Hunter and Bulan.  See Yungwirth Decl, Ex. 8 (Hunter) and Ex. 9 (Bulan).

In the patent context, "[Federal Circuit] precedent does not limit collateral estoppel to patent claims that are identical. Rather, it is the identity of the *issues* that were litigated that determines whether collateral estoppel should apply." *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) (emphasis in original); *see also*, *Soverain*, 778 F.3d at 1319 (finding collateral estoppel applies to previously unlitigated dependent claim). "If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies." *Ohio Willow Wood*, 735 F.3d at 1342.

Accordingly, issue preclusion estops Chrimar from re-litigating this issue.  Chrimar's amendment does not materially alter the question of invalidity in view of the Hunter / Bulan combination that was adjudicated by the PTAB.  As the PTAB found, the 10Base-T Ethernet system of Hunter includes "***a piece of central 10Base-T Ethernet equipment, such as a hub***," that can be connected to a piece of 10Base-T Ethernet terminal equipment" using Ethernet cabling.  FWD at 17; *see also*, Hunter at 23:18–20, 32:7–9, 34:18–19, 37:19–28, 39:14–15, Figs. 1, 2.

Taken on its own, Hunter plainly teaches the added limitation.  Hunter's disclosure of a BaseT Ethernet hub is frequent and includes its teaching of a chassis that includes a "10Base-T Hub" networking line card.  Hunter at 32:5–15, Fig. 1.  The hub is described as a principle component of the system.  *Id*. at 32:16-27, 34:18–19, Fig. 1.  The "10Base-T bus" of the 10Base-T hub includes twisted-pair conductors used for transmitting data to and receiving data from the BaseT terminal equipment.  *Id*. at 37:19-28.  This disclosure in Hunter of a BaseT Ethernet hub is the same disclosure on which the PTAB relied to find that Hunter teaches the antecedent "piece of central BaseT Ethernet equipment."  FWD at 17.  Similar to the dependent claim in *Soverain* that limited a "network" to the "Internet," Chrimar's limitation of "a piece of central networking equipment" to a "BaseT Ethernet hub" does not materially alter the question of validity addressed by the PTAB.  Accordingly, the PTAB's finding of fact and conclusion of law applicable to the BaseT Ethernet hub is equally appropriate here and dictates a finding of summary judgment of invalidity.  This

outcome is dictated under both the doctrine of issue preclusion and Hunter's clear teaching of the amended limitation.

### C. Chrimar's Identification of "Claim 97" Does Not Change the Outcome

A patent claim that encompasses any invalid subject matter is invalid. *See Titanium Metals Corp. of Am. v. Banner*, 778 F.2d 775, 782 (Fed. Cir. 1985) (when a claim covers several alternatives "the claim is 'anticipated' if one of them is in the prior art."). Here, amended claim 145 "across" claim 73 is asserted and is invalid because it is obvious in view of Hunter and Bulan.[9] Chrimar has not identified a case or statute (and Defendants are aware of none) that suggests that a claim can be partially invalidated. Such an argument would seemingly fail to comply with 35 U.S.C. § 112(b) for not "distinctly claim[ing] the subject matter which the inventor . . . regards as the invention." And, were it otherwise, the public notice function of the claims would be totally vitiated. Indeed, when it comes to invalidity, if a piece of prior art fits within any portion of the scope of the claim, the claim is invalid. *See Brown v. 3M*, 265 F.3d 1349, 1352, 1351 (Fed. Cir. 2001) ("By claiming [an] invention in the alternative, [a patentee] has presented a claim for which infringement would lie" under each alternative, so "[w]hen a claim covers several structures or compositions, either generically or ***as alternatives***, the claim is deemed anticipated if ***any*** of the structures or compositions within the scope of the claim is known in the prior art") (emphasis added). *See also*, Order Granting Defendants' Motion to Dismiss, Case No. 16-cv-00186-SI (NDCA), Dkt. #131 (dated April 16, 2020) (finding PTAB's invalidation of claim 103 of the '107 Patent applies to all variations of claim 103). Given that asserted claim 145 across 73 is invalid and the claim has not been rewritten to strike its direct dependence on amended claim 73, a finding that claim 145 across claim 73 is invalid invalidates claim 145 in its entirety.

To the extent that Chrimar asserts that multiple dependent claims are "independently presumed valid" as it did in response to Defendants' Motion to Strike Chrimar's '103 Patent infringement claim, that presumption does not change the outcome here. While it is true that claim

---

[9] Claim 145 is a multiple dependent claim, similar to claim 103 of the '107 Patent with which the Court previously dealt in Defendants' Motion to Dismiss. The multiple dependence does not affect the analysis as shown below.

145 is individually entitled to a presumption of validity as compared to, for example, claim 73, that does not mean that each alternative of claim 145 is independently presumed valid.

## V.     Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant their motion for summary judgment and find that amended claim 145 is invalid as obvious in view of Hunter in combination with Bulan.

Dated:  May 22, 2020

Respectfully submitted,

*/s/ Matthew S. Yungwirth*
Matthew S. Yungwirth (*pro hac vice*)
L. Norwood Jameson (*pro hac vice*)
**DUANE MORRIS LLP**
1075 Peachtree Street, Suite 2000
Atlanta, Georgia 30309
Telephone: (404) 253-6900
Facsimile: (404) 253-6901
E-Mail: wjameson@duanemorris.com
E-Mail: msyungwirth@duanemorris.com

***Counsel for Defendants Ruckus Wireless, Inc. and NETGEAR, Inc.***

*/s/ Andrew E. Krause*
Jonathan S. Kagan (166039)
Andrew E. Krause (294850)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: jkagan@irell.com
Email: akrause@irell.com

***Attorneys for Defendant Juniper Networks, Inc.***

*/s/ John M. Neukom*
John M. Neukom (SBN 275887)
**Skadden, Arps, Slate, Meagher & Flom LLP**
525 University Avenue
Palo Alto, California  94301
Telephone: (650) 470-4560
Facsimile: (650) 798-6525
john.neukom@skadden.com

***Attorneys for Defendant Fortinet, Inc.***

**ECF ATTESTATION**

I, Andrew E. Krause, am the ECF user whose ID and password are being used to file **Defendants' Motion for Summary Judgment of Invalidity for Asserted Claims of U.S. Patent No. 8,902,760**.  I hereby attest that I received authorization to insert the signatures indicated by a conformed signature (/s/) within this e-filed document.

By: */s/   Andrew E. Krause*
Andrew E. Krause

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Defendants telephonically conferred with counsel for Plaintiffs regarding **Defendants' Motion for Summary Judgment of Invalidity for Asserted Claims of U.S. Patent No. 8,902,760** during the April 24, 2020 Case Management Conference.

By: */s/   Andrew E. Krause*
Andrew E. Krause