IRELL & MANELLA LLP
Jonathan S. Kagan (166039)
Andrew E. Krause (294850)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:    (310) 277-1010
Facsimile:    (310) 203-7199

*Attorneys for Defendant Juniper Networks, Inc.*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
John M. Neukom (SBN 275887)
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4560
Facsimile: (650) 798-6525
john.neukom@skadden.com

*Attorneys for Defendant Fortinet, Inc.*

DUANE MORRIS LLP
Matthew S. Yungwirth (*pro hac vice*)
L. Norwood Jameson (*pro hac vice*)
1075 Peachtree Street, Suite 2000
Atlanta, Georgia 30309
Telephone: (404) 253-6900
Facsimile: (404) 253-6901
E-Mail: wjameson@duanemorris.com
E-Mail: msyungwirth@duanemorris.com

Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: 650.847.4150
Facsimile: 650.847.4151

*Attorneys for Defendants Ruckus Wireless, Inc. and NETGEAR, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Chrimar Systems, Inc., d/b/a CMS Technologies and Chrimar Holding Company, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Juniper Networks, Inc.,<br><br>Defendant. | Case No. 16-cv-00558-SI<br><br>**Defendants' Motion for Summary Judgment Regarding U.S. Patent No. 9,812,825**<br><br>Date:    July 16, 2020<br>Time:   10:00 a.m.<br>Ctrm:   1 -- 17th Floor<br>Judge:  Hon. Susan Illston |
| Chrimar Systems, Inc., d/b/a CMS Technologies and Chrimar Holding Company, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Ruckus Wireless, Inc.,<br><br>Defendant. | Case No.: 3:16-cv-00186-SI |
| Chrimar Systems, Inc., d/b/a CMS Technologies and Chrimar Holding Company, LLC,<br><br>Plaintiffs, | Case No.: 3:16-cv-00624-SI |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendants' Motion for Summary Judgment re the '825 Patent
(Case Nos. 16-cv-00186-SI, 00558-SI; 00624-SI; and -00897-SI)
10835769.2 01

| | |
|---|---|
| vs.<br><br>NETGEAR, Inc.,<br><br>          Defendant.<br><br>Chrimar Systems, Inc., d/b/a CMS Technologies and Chrimar Holding Company, LLC,<br><br>          Plaintiffs,<br><br>vs.<br><br>Fortinet, Inc.,<br><br>          Defendant. | Case No. 16-cv-00897-SI |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT**, at 10:00 a.m. on July 16, 2020, in Courtroom 1, 17th floor of 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Judge Susan Illston, Defendants Juniper Networks, Inc. ("Juniper"), Fortinet, Inc. ("Fortinet"), Ruckus Wireless, Inc. ("Ruckus"), and NETGEAR, Inc. ("NETGEAR") (collectively, "Defendants") will appear and move for summary judgment pursuant to Federal Rule of Civil Procedure 56 with respect to U.S. Patent No. 9,812,825 due to Plaintiffs Chrimar Systems, Inc. and Chrimar Holding Company LLC's ("Chrimar") failure to provide notice of infringement under 35 U.S.C. § 287.

This motion is based on the pleadings, this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Andrew E. Krause and the exhibits thereto, and any other filing, evidence, or argument presented in this matter.[1]

---

[1] All citations herein in the form of "Ex." are exhibits appended to the declaration of Andrew E. Krause submitted in support of this motion.

Docket citations are to Case No. 16-cv-00558-SI.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendants' Motion for Summary Judgment re the '825 Patent
(Case Nos. 16-cv-00186-SI, 00558-SI; 00624-SI; and -00897-SI)
10835769.2 01

- 2 -

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 2 |
| | A. Procedural History | 2 |
| | B. The '825 Patent | 3 |
| | C. Chrimar's March 21, 2019 Letter | 3 |
| III. | LEGAL STANDARD | 4 |
| IV. | ARGUMENT | 4 |
| | A. Chrimar's Letter Failed to Provide Specific Notice of Infringement | 6 |
| | B. The Court Should Grant Summary Judgment with Respect to the '825 Patent Because No Remedies Are Available | 9 |
| V. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adrea, LLC v. Barnes & Noble, Inc.*,
   No. 13 Civ. 4137, 2014 WL 3057902 (S.D.N.Y. Jul. 1, 2014) ................................................... 8

*Advanced Semiconductor Materials Am., Inc. v. Applied Materials, Inc.*,
   922 F. Supp. 1439 (N.D. Cal. 1996) .......................................................................................... 4

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994) .................................................................................................. 5, 8

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   950 F.3d 860 (Fed Cir. 2020) ................................................................................................. 5, 6

*Arctic Cat v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed Cir. 2017) ................................................................................................... 5

*AstraZeneca AB v. Apotex Corp.*,
   782 F.3d 1324 (Fed. Cir. 2015) .................................................................................................. 9

*Cascades Computer Innovation, LLC v. Samsung Elecs. Co.*,
   77 F. Supp. 3d 756 (N.D. Ill. 2015) ............................................................................................ 7

*Chrimar Sys., Inc. v. Juniper Networks, Inc.*,
   140 S. Ct. 1121 (2020) ............................................................................................................... 2

*Chrimar Sys., Inc. v. Juniper Networks, Inc.*,
   777 Fed. App'x 518 (Fed. Cir. 2019) ......................................................................................... 2

*Fujitsu Ltd. v. Netgear, Inc.*,
   No. 07-cv-710, 2009 WL 3047616 (W.D. Wis. Sep. 18, 2009) ........................................ passim

*Juniper Networks, Inc. et al. v. Chrimar Sys., Inc.*,
   Case IPR2016-01399, Final Written Decision (P.T.A.B. Apr. 26, 2018) .................................. 2

*Lans v. Digital Equip. Corp.*,
   252 F.3d 1320 (Fed. Cir. 2001) ........................................................................................ 5, 9, 10

*M-S Cash Drawer Corp. v. Block & Co., Inc.*,
   No. CV-92-0477, 1992 WL 521765 (C.D. Cal. Jul. 29, 1992) .................................................. 8

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ................................................................................................................... 4

*Mophie, Inc. v. Shah*,
   No. SA CV 13-01321, 2014 WL 12603184 (C.D. Cal. Aug. 25, 2014) .................................... 5

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendants' Motion for Summary Judgment re the '825 Patent
(Case Nos. 16-cv-00186-SI; 00558-SI; 00624-SI; and -00897-SI)
10835769.2 01                                  - ii -

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
    138 F.3d 1437 (Fed Cir. 1998) .................................................................................................5

*Osteotech, Inc. v. Regeneration Techs., Inc.*,
    No. 3:06-cv-04249, 2008 WL 4449564 (D. N.J. Sep. 25, 2008) ...........................................5

*Robertson Transformer Co. v. General Electric Co.*,
    149 F. Supp. 3d 919 (N.D. Ill. 2015) .......................................................................................8

*Toshiba Corp. v. Imation Corp.*,
    990 F. Supp. 2d 882 (W.D. Wis. 2013) ..........................................................................2, 7, 8, 9

*Uniboard Aktiebolag v. Acer America Corp.*,
    118 F. Supp. 2d 19 (D.D.C. 2000) ....................................................................................7, 10

**Statutes**

35 U.S.C. § 154(a)(2) ...........................................................................................................................3

35 U.S.C. § 287(a) ....................................................................................................................1, 5, 9

**Rules**

Fed. R. Civ. P. 56(a) ...........................................................................................................................4

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendants' Motion for Summary Judgment re the '825 Patent
(Case Nos. 16-cv-00186-SI, 00558-SI; 00624-SI; and -00897-SI)
10835769.2 01                                   - iii -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Patent Act bars patent owners from recovering damages from time periods before the patent owner provides the accused infringer with notice of the alleged infringement. 35 U.S.C. § 287(a). Notice must be either (i) constructive, by marking of the patented articles, or (ii) actual, which requires a communication by the patent owner to the accused infringer specifically identifying the alleged infringement. *Id*. Here, it is undisputed that Chrimar's sole basis for notice of U.S. Patent No. 9,812,825 ("the '825 Patent") is a single letter[2] that Chrimar sent to counsel for each of the Defendants on March 21, 2019—just 63 days before the '825 Patent expired. *See* Exs. 1-4 (series of March 21 Letters).[3] However, this letter is insufficient to provide notice as a matter of law, because the letter does not provide a specific charge of infringement against a specific accused product as required by the Federal Circuit. Further, because the '825 Patent expired before Chrimar added it to this case, the Court should grant summary judgment that no relief is available with respect to the '825 Patent.

Specifically, Chrimar's letter is insufficient to provide actual notice because it merely lists 98 Juniper products and asserts (without explanation) that each one of these products infringes *at least one* of the more than 60 claims of the '825 Patent. Chrimar did not identify *any* specific claim that it alleged was infringed by any of the accused products, or even indicate how many claims any of the accused products allegedly infringe. As discussed below, Courts throughout the country have repeatedly held that this type of scattershot communication is insufficient to provide actual notice. To be sure, merely providing a list of products and a list of patent claims is really no notice at all, because it "unfairly shifts the burden to defendants to attempt to identify accurately any potentially

---

[2] For the Court's convenience, all citations herein to Chrimar's letters are to the letter received by Juniper. The letters received by each of Juniper, Fortinet, Ruckus and NETGEAR are substantially the same. The only difference is that Chrimar listed 70 NETGEAR products, 47 Fortinet products, and 32 Ruckus products.

[3] During the April 24, 2020 Case Management Conference, Chrimar confirmed these are the letters they are relying on for notice, and that there are no further communications or documents relevant to the notice issue. Indeed, the next potential "notice" event—the filing of the TAC (which added the '825 Patent to the case)—occurred on February 7, 2020, nine months *after* the '825 Patent expired.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendants' Motion for Summary Judgment re the '825 Patent
(Case Nos. 16-cv-00186-SI, 00558-SI; 00624-SI; and -00897-SI)
10835769.2 01                                              - 1 -

infringing conduct so as not to be faced with an award of pre-suit damages in the event it was sued for infringement." *Toshiba Corp. v. Imation Corp.*, 990 F. Supp. 2d 882, 901 (W.D. Wis. 2013).

Chrimar's failure to provide notice before the '825 Patent expired bars Chrimar from recovering any damages for the '825 Patent.[4] Chrimar likewise cannot obtain injunctive relief on an expired patent. Accordingly, based on the undisputed material facts, the Court should grant summary judgment that no relief is available with respect to the '825 Patent.

## II. BACKGROUND

### A. Procedural History

Chrimar originally filed suit against Juniper on July 1, 2015, alleging infringement of four patents: U.S. Patent Nos. 8,155,012; 8,942,107; 8,902,760 ("the '760 Patent"); and 9,019,838. Dkt. 1. On September 26, 2016, the Court stayed the case pending resolution of *inter partes* review ("IPR") petitions challenging the validity of the originally asserted patents. Dkt. 114, at 2. The Patent Trial and Appeal Board ("PTAB") issued final written decisions on all four petitions, finding all challenged claims unpatentable. *Id*. During the pendency of the IPR on the '760 Patent, however, certain (new) amended claims were added due to a pending *ex parte* reexamination prior to final written decision. *Id*. Because those claims did not exist when the '760 IPR was instituted, the PTAB did not review those claims. *See Juniper Networks, Inc. et al. v. Chrimar Sys., Inc.*, Case IPR2016-01399, Final Written Decision, at 3–4 (P.T.A.B. Apr. 26, 2018). The validity of these claims is the subject of a co-pending motion for summary judgment.

Chrimar appealed all four of the PTAB's decisions, and the Federal Circuit affirmed. Dkt. 114 at 2; *Chrimar Sys., Inc. v. Juniper Networks, Inc.*, 777 Fed. App'x 518 (Fed. Cir. 2019). Chrimar then sought review by the Supreme Court, which denied Chrimar's petition, thus exhausting Chrimar's appeals and confirming that the originally asserted claims are invalid. *See* Dkt. 114 at 2–3; *Chrimar Sys., Inc. v. Juniper Networks, Inc.*, 140 S. Ct. 1121 (2020).

---

[4] To the extent the Court does find that the letter is sufficiently specific to satisfy Section 287's notice requirements, then Chrimar may at most seek 63 days of damages before the '825 Patent expired.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendants' Motion for Summary Judgment re the '825 Patent
(Case Nos. 16-cv-00186-SI; 00558-SI; 00624-SI; and -00897-SI)
10835769.2 01

- 2 -

Despite the final invalidation of all of its asserted claims, Chrimar sought to resurrect its case by filing the TAC. The TAC alleged infringement of an entirely new patent, the '825 Patent, among other claims. Dkt. 108; Dkt. 114. On April 24, 2020, the Court held a case management conference to discuss resolution of the remaining claims, and permitted Defendants to file this dispositive motion addressing Chrimar's failure to provide adequate pre-expiration notice of infringement regarding the '825 patent and resultant lack of entitlement to any remedy. The Court also authorized Defendants to file a motion addressing the invalidity of the only non-'825 Patent claim currently asserted from the TAC.

### B.   The '825 Patent

The '825 Patent issued on November 7, 2017, and is entitled "Ethernet Device." Ex. 5. It contains 68 separate claims. *Id*. The '825 Patent is a continuation of a chain of applications, the first of which was filed on April 8, 1999. *Id.* at pp. 1–2. Under the Patent Act, the 20-year statutory term of the '825 Patent runs from that first application, plus a short 45-day extension authorized by the PTO. *See* 35 U.S.C. § 154(a)(2); Ex. 5, at p. 1. The '825 Patent thus expired on May 23, 2019. Accordingly, the '825 Patent was already expired (and had been for nine months) by the time Chrimar sought to add it to the case on February 7, 2020. Dkt. 108 (TAC).

### C.   Chrimar's March 21, 2019 Letter

On March 21, 2019, just 63 days before the '825 Patent expired, Chrimar sent a letter to Juniper's outside counsel purporting to notify Juniper of its alleged infringement of the '825 Patent. Ex. 5. The substance of the letter was confined to a single paragraph, which stated:

> As you know, we represent Chrimar Holding Company, LLC and Chrimar Systems, Inc. (collectively, "Chrimar") in connection with certain intellectual property matters, including Chrimar's lawsuit with Juniper Networks Inc. ("Juniper"). I write to inform you that besides the Chrimar patents already asserted against Juniper, Juniper also infringes U.S. Patent No. 9,812,825 ("the '825 patent," attached). Chrimar contends that at least the following products sold by Juniper (identified by product type and model number) infringe at least one claim of the '825 patent.

Ex. 1, at p. 1. The letter then set forth a multi-page list of **98** different Juniper products that purportedly infringed "at least one" of the 68 claims from the '825 Patent. *Id*. at pp. 1–4. The letter did not identify which of the 68 claims any of the 98 products allegedly infringed, or provide any

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendants' Motion for Summary Judgment re the '825 Patent
(Case Nos. 16-cv-00186-SI; 00558-SI; 00624-SI; and -00897-SI)
10835769.2 01

- 3 -

basis or analysis for Chrimar's allegations—which would at least have provided Juniper with the ability to guess at which products Chrimar believed infringed which claims. *Id*. Indeed, the letter did not even offer any discussion of why Chrimar believed any of Juniper's products might infringe any of Chrimar's claims or any type of proposal to resolve Chrimar's accusations regarding the '825 Patent, instead suggesting it might "be a good time to discuss potential resolution of the parties' disputes," *id*. at p. 4, which at that time involved the allegations in Chrimar's Second Amended Complaint (Dkt. # 63) and the appeal of Juniper's IPRs before the Federal Circuit. "[T]he parties' disputes" did not involve the '825 Patent until Chrimar added it to the case in February 2020.

Chrimar relies exclusively on its March 21 letter as providing pre-expiration notice of infringement. *See* TAC (Dkt. 108) at ¶ 51 ("Juniper has been on notice of the '825 Patent since at least as early as March of 2019."). Chrimar does not allege any actual or constructive notice prior to its March 21, 2019 letter, and conceded at the April 24, 2020 Case Management Conference that the only purported notice is the March 21 letter. Further, even if it had not conceded the issue, Chrimar has not identified any evidence of pre-expiration notice other than its March 21 letter.

## III.   LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party has demonstrated an absence of material fact, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "There is a 'genuine' issue of material fact only when there is sufficient evidence such that a reasonable juror could find for the party opposing the motion." *Advanced Semiconductor Materials Am., Inc. v. Applied Materials, Inc*., 922 F. Supp. 1439, 1442 (N.D. Cal. 1996).

## IV.   ARGUMENT

The Patent Act provides that, where (as here) a patentee does not mark the patented articles, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendants' Motion for Summary Judgment re the '825 Patent
(Case Nos. 16-cv-00186-SI; 00558-SI; 00624-SI; and -00897-SI)
10835769.2 01                                              - 4 -

damages may be recovered only for infringement occurring after such notice." 35 U.S.C. § 287(a). The "duty of alleging and the burden of proving either actual or constructive notice is upon the patentee." *Arctic Cat v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed Cir. 2017) (quoting *Dunlap v. Shofield*, 152 U.S. 244, 248 (1894)).

The Federal Circuit has long held that section 287 requires "actual notice" of "the infringement" by the patent holder, "not merely notice of the patent's existence or ownership." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). Providing notice of "the infringement" "requires the affirmative communication of a **specific** charge of infringement by a **specific** accused product or device." *Id.* (emphases added); *see also Osteotech, Inc. v. Regeneration Techs., Inc.*, No. 3:06-cv-04249, 2008 WL 4449564, at *8 (D. N.J. Sep. 25, 2008) ("The Federal Circuit has determined that at the very least, a patentee's notice to an alleged infringer requires an affirmative, specific charge of infringement with respect to a particular product produced by the alleged infringer."). "[C]ourts in this Circuit follow *Amsted* and interpret Section 287(a) to require notice by a patent holder . . . of the specific charge of infringement." *Mophie, Inc. v. Shah*, No. SA CV 13-01321, 2014 WL 12603184, at *4 (C.D. Cal. Aug. 25, 2014).

The Federal Circuit has explained that section 287's requirement that the patent holder provide specific notice of infringement is not a mere formality, but "serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 865 (Fed. Cir. 2020). "Requiring a patentee who has sold unmarked products to provide notice in order to begin recovering damages advances these objectives by informing the public and possible infringers that the article is patented." *Id.* Further, the requirement of specific notice is based in "concern for the principles of fairness," including to "prevent innocent infringement." *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed Cir. 1998). The specific notice requirement also offers the accused infringer an opportunity to (if necessary) cease infringing or negotiate a license before being subject to damages, thus facilitating resolution of disputes without the need for litigation. *See Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1327 (Fed. Cir. 2001) (lack of proper notice deprives alleged infringer

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendants' Motion for Summary Judgment re the '825 Patent
(Case Nos. 16-cv-00186-SI; 00558-SI; 00624-SI; and -00897-SI)
10835769.2 01                                    - 5 -

of the "benefit of this primary purpose of the notice requirement," such as the opportunity to consider "design changes to avoid infringement"). The Federal Circuit has explained that these important public policies inform its interpretation of the notice requirement, and that section 287 should be read to "comport[] with the purpose of the marking statute." *See Arctic Cat*, 950 F.3d at 865.

As discussed further below, Chrimar's letter neither met any of these legal requirements, nor did it comport with the important public policies that underlie section 287.

### A. Chrimar's Letter Failed to Provide Specific Notice of Infringement

Chrimar's March 21, 2019 letter failed to provide "a specific charge of infringement by a specific accused product or device" as required by Federal Circuit precedent. Rather, Chrimar's letter merely listed 98 different Juniper products and asserted generally and without explanation that all 98 infringed "one or more" of the 68 claims of the '825 Patent. Ex. 1, at pp. 1–4. Chrimar's letter thus left Juniper to guess which of the 68 patent claims Chrimar believed were infringed by each of the 98 listed products. Courts have repeatedly held that letters that merely provide lists of products and patent claims without identifying any ***specific charge*** of infringement are insufficient to provide notice because they improperly shift the burden to the accused infringer to try to discern which combination of claims and products constitute the alleged infringement.

For example, in *Fujitsu Ltd. v. Netgear, Inc.*, No. 07-cv-710, 2009 WL 3047616, at *9 (W.D. Wis. Sep. 18, 2009), *aff'd in-part and rev'd in-part on other grounds*, 620 F.3d 1321 (Fed. Cir. 2010), the patent owner's letter offered to license several dozen patents and contended that defendant's products, of which there were over a hundred, infringed "one or more" of the patents. However, the letter did not explain which "sections or functions" of defendant's products were at issue, or identify which products infringed which patents. *Id*. The Court found that patent owner's letter "cannot be considered adequate notice" and granted summary judgment, because "[i]t would place an unreasonable burden on the potentially infringing party, who would be required to examine all of its products to try to determine whether any infringed any claim." *Id*. Indeed, the Court explained that merely providing a lengthy list that required defendant to evaluate "hundreds" of products against "dozen[s]" of claims places defendant in "an untenable position," because without

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendants' Motion for Summary Judgment re the '825 Patent
(Case Nos. 16-cv-00186-SI; 00558-SI; 00624-SI; and -00897-SI)
10835769.2 01                                    - 6 -

notice of what is actually infringing, defendant cannot make decisions about how to change its behavior to avoid infringement or negotiate a solution. *Id.*

Similarly, in *Toshiba Corp. v. Imation Corp.*, 990 F. Supp. 2d 882, 897 (W.D. Wis. 2013), the patent owner sent a letter listing numerous patents it alleged were infringed by defendant's DVD discs, although it identified a subset of those patents as "essential." The Court held that the patent owner's letter was insufficient to provide actual notice, because it "is too great a stretch to say that the [plaintiff's] letters," which identified a class of products and a broad universe of allegedly infringed patent claims, "made a ***specific*** charge of infringement by a ***specific*** accused product or device." *Id.* at 900 (emphasis in original). The Court explained that merely providing a lengthy list and requiring defendant to puzzle out the allegedly infringing conduct "cannot be what the notice statute intended" because "[h]ow could the recipient of a letter as scattershot as that sent by [plaintiff] meaningfully attempt to resolve disputes early or to design around any possible infringement . . . ?" *Id.* at 900–01. The Court added that patent owner's lengthy list "unfairly shifts the burden to defendants to attempt to identify accurately any potentially infringing conduct so as not to be faced with an award of pre-suit damages in the event it was sued for infringement." *Id.* at 901.

As another example, in *Uniboard Aktiebolag v. Acer America Corp.*, 118 F. Supp. 2d 19, 25 (D.D.C. 2000), the patent owner sent a letter "to each of the defendants informing them that some of their product[s] might infringe the [asserted] patent." The Court found that such letters did not "have the level of specificity required to put the defendants on notice of the infringement" because "the Court cannot identify a single specific charge of infringement by a specific accused product or device of the defendants." *Id.* at 26. Because the patent owner failed to provide adequate notice before the patent expired, the Court dismissed Plaintiff's complaint. *Id.* at 27.

The above examples merely illustrate the general rule that providing a list of products or patents, without specifically identifying the alleged infringement, is insufficient to provide notice of the purportedly infringing conduct. These cases are not outliers. *See, e.g.*, *Cascades Computer Innovation, LLC v. Samsung Elecs. Co.*, 77 F. Supp. 3d 756, 766 (N.D. Ill. 2015) (letter that identified 39 patents and listed asserted patent "in an appendix, without explanation" was

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendants' Motion for Summary Judgment re the '825 Patent
(Case Nos. 16-cv-00186-SI; 00558-SI; 00624-SI; and -00897-SI)
10835769.2 01                                      - 7 -

"insufficient to create a triable issue" as to pre-suit notice); *M-S Cash Drawer Corp. v. Block & Co., Inc.*, No. CV-92-0477, 1992 WL 521765, at *4 (C.D. Cal. Jul. 29, 1992) ("Yet this is akin to merely sending Defendant a catalogue which lists the patent, an action which has been explicitly held to be insufficient notice under § 287."); *Robertson Transformer Co. v. General Electric Co.*, 149 F. Supp. 3d 919, 931 (N.D. Ill. 2015) (email that did not "identify any product specifically" but merely listed fifteen products "did not put plaintiff on notice of potential infringement"); *Adrea, LLC v. Barnes & Noble, Inc.*, No. 13 Civ. 4137, 2014 WL 3057902, at *2 (S.D.N.Y. Jul. 1, 2014) (email that identified "portfolio of over 300 patents" did not provide sufficient notice because it did not "reasonably constitute communication of a specific charge against a specific device").

Just as in these cases, Chrimar's letter failed to convey a specific charge of infringement, as it provided no explanation of why Chrimar believed the 98 products listed in the letter allegedly infringed, nor even an identification of which claims Chrimar contends were infringed by which products. For example, Chrimar did not identify any features or functionalities of Juniper's products allegedly covered by a single claim of the '825 Patent and did not provide even a single example to illustrate its allegations. Chrimar's letter thus shifted the burden (in an improper attempt to cause needless and gratuitous expense) to Juniper to examine each of the 98 listed products and try to ascertain why Chrimar believed they allegedly infringed "one or more" of the 68 claims. This examination of products and claims would have required analysis of over **6,600** different possibilities (98 products times 68 claims), a herculean task comparable to (if not greater than) those in the *Fujita* and *Toshiba* cases. *See Fujita*, 2009 WL 3047616, at *9 (notice insufficient where it required comparison of over a hundred products against dozens of claims); *Toshiba*, 990 F. Supp. 2d at 901 (notice insufficient where it would have required analysis of 360 patents against 3 types of accused DVD disks). Chrimar's letter thus did not even come close to providing a "***specific*** charge of infringement by a ***specific*** accused product or device" as required by the Federal Circuit. *See Amsted*, 24 F.3d at 187 (emphases added). Indeed, Chrimar's letter effectively provided no notice at all, because it simply delegated to Juniper the burden of analyzing nearly 100 products to try to identify which claims Chrimar believed were infringed by which Juniper products.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendants' Motion for Summary Judgment re the '825 Patent
(Case Nos. 16-cv-00186-SI; 00558-SI; 00624-SI; and -00897-SI)
10835769.2 01                                   - 8 -

Viewing Chrimar's vague letter in light of the purpose of the notice requirement further illustrates why Chrimar's notice letter amounts to no notice at all. For example, because Chrimar's letter failed to provide a specific charge of infringement as to any of the 98 listed products, Juniper had no way to know why Chrimar believed Juniper's products infringed, and thus no way to assess Chrimar's claims and determine whether design changes or a license might be necessary as to some or all products. *See Lans*, 252 F.3d at 1327 (when notice is defective, "an alleged infringer may lose the benefit of this primary purpose of the notice requirement" because it "may lose the opportunity to consult with the patentee about design changes to avoid infringement [or] . . . negotiate a valid license"). Juniper was thus left in the "untenable position" of engaging in negotiations or litigation that "may be completely unnecessary." *Fujitsu*, 2009 WL 3047616, at *9; *see also Toshiba*, 990 F. Supp. 2d at 901 ("How could the recipient of a letter as scattershot as that sent by [plaintiffs] meaningfully attempt to resolve disputes early or to design around any possible infringement . . .?"). In sum, Chrimar's letter served none of the important purposes of providing notice, and therefore cannot have provided adequate notice under the statute.

### B. The Court Should Grant Summary Judgment with Respect to the '825 Patent Because No Remedies Are Available

There is no dispute in this case as to the material facts regarding notice. The only notice (actual or constructive) that Chrimar alleges is contained in the March 21, 2019 letter to Juniper. As discussed above, that letter was insufficient to provide the actual notice required by section 287. Further, because the '825 Patent expired on May 23, 2019 (nine months before it was added to the case) and proper notice did not occur before the patent expired, no damages are available with respect to the '825 Patent. *See* 35 U.S.C. § 287(a) ("no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement . . . , in which event damages may be recovered only for infringement occurring after such notice"); *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1343–44 (Fed. Cir. 2015) (damages may not be awarded for "post-expiration" sales). Further, because the '825 Patent is expired, no injunctive relief is available to Chrimar either. *Lans*, 252 F.3d at 1328 ("the district court cannot enjoin the Computer Companies from infringing an expired patent").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendants' Motion for Summary Judgment re the '825 Patent
(Case Nos. 16-cv-00186-SI; 00558-SI; 00624-SI; and -00897-SI)
10835769.2 01

- 9 -

In sum, because neither damages nor injunctive relief are available with respect to the '825 Patent, the Court should grant Juniper's motion for summary judgment and dismiss the '825 Patent from the case. *See Lans*, 252 F.3d at 1328 (affirming dismissal for failure to state a claim where patent had expired and no notice was provided prior to patent expiration); *Fujitsu*, 2009 WL 3047616, at *10, *30 (granting motion for summary judgment where the "patent expired in December 2007, before the lawsuit was filed. Defendant never had notice of infringement of the '952 patent during the life of the patent and thus, it cannot have infringed the '952 patent."); *Uniboard*, 118 F. Supp. 2d at 27 (granting motion to dismiss where "Since Uniboard did not give notice of the alleged infringement to the defendants until after the '986 patent had expired, there exists no period of time for which defendants can be held liable for damages resulting from the alleged infringement of that patent. Furthermore, since the patent has already expired, no injunctive relief is available either."). In the alternative, even if the Court concludes the letter was sufficient to provide actual notice (it was not), it should limit the potential damages period to the 63 days running from the date of the letter to the expiration of the '825 Patent.

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion.

Dated: May 22, 2020

Respectfully submitted,

/s/ Andrew E. Krause
Jonathan S. Kagan (166039)
Andrew E. Krause (294850)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: jkagan@irell.com
Email: akrause@irell.com
***Attorneys for Defendant
Juniper Networks, Inc.***

/s/ John M. Neukom
John M. Neukom (SBN 275887)
**Skadden, Arps, Slate, Meagher & Flom LLP**
525 University Avenue
Palo Alto, California  94301
Telephone: (650) 470-4560

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendants' Motion for Summary Judgment re the '825 Patent
(Case Nos. 16-cv-00186-SI; 00558-SI; 00624-SI; and -00897-SI)
10835769.2 01

- 10 -

| | |
|---|---|
| 1 | Facsimile: (650) 798-6525 |
| 2 | john.neukom@skadden.com |
| 3 | ***Attorneys for Defendant Fortinet, Inc.*** |
| 4 | */s/ Matthew S. Yungwirth* |
|   | Matthew S. Yungwirth (*pro hac vice*) |
| 5 | L. Norwood Jameson (*pro hac vice*) |
|   | **DUANE MORRIS LLP** |
| 6 | 1075 Peachtree Street, Suite 2000 |
|   | Atlanta, Georgia 30309 |
| 7 | Telephone: (404) 253-6900 |
|   | Facsimile: (404) 253-6901 |
| 8 | E-Mail: wjameson@duanemorris.com |
|   | E-Mail: msyungwirth@duanemorris.com |
| 9 | Nicole E. Grigg (CA SBN 307733) |
|   | negrigg@duanemorris.com |
| 10 | **DUANE MORRIS LLP** |
|    | 2475 Hanover Street |
| 11 | Palo Alto, CA 94304-1194 |
|    | Telephone: 650.847.4150 |
| 12 | Facsimile: 650.847.4151 |
| 13 | ***Counsel for Defendants Ruckus Wireless, Inc. and NETGEAR, Inc.*** |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendants' Motion for Summary Judgment re the '825 Patent
(Case Nos. 16-cv-00186-SI; 00558-SI; 00624-SI; and -00897-SI)
10835769.2 01

- 11 -

## ECF ATTESTATION

I, Andrew E. Krause, am the ECF user whose ID and password are being used to file **Defendants' Motion for Summary Judgment Regarding U.S. Patent No. 9,812,825**. I hereby attest that I received authorization to insert the signatures indicated by a conformed signature (/s/) within this e-filed document.

By: */s/ Andrew E. Krause*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendants' Motion for Summary Judgment re the '825 Patent
(Case Nos. 16-cv-00186-SI, 00558-SI; 00624-SI; and -00897-SI)
10835769.2 01

- 12 -

# CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendants telephonically conferred with counsel for Plaintiffs regarding **Defendants' Motion for Summary Judgment Regarding U.S. Patent No. 9,812,825** during the April 24, 2020 Case Management Conference.

By: */s/   Andrew E. Krause*
Andrew E. Krause

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendants' Motion for Summary Judgment re the '825 Patent
(Case Nos. 16-cv-00186-SI; 00558-SI; 00624-SI; and -00897-SI)
10835769.2 01

- 13 -